**In re Carl L. MOYER, Debtor.**

**NATIONAL BANK OF BOYERTOWN,**
**Plaintiff,**

v.

**Carl L. MOYER, Debtor, and Frederick**
**L. Reigle, Trustee, Defendants.**

**Bankruptcy No. 83–01532 T.**
**Adv. No. 83–1849.**

United States Bankruptcy Court,
E.D. Pennsylvania.

Sept. 19, 1984.

George J. Shoop, Rhoda, Stoudt & Bradley, Reading, Pa., for plaintiff.

Carl L. Moyer, pro se.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this adversary proceeding, the plaintiff has filed, pursuant to section 362(d) of the Bankruptcy Code, 11 U.S.C. § 362(d), a complaint for relief from the automatic stay as to the Chapter 13 debtor's real property, upon which the plaintiff holds a first and second mortgage. The debtor opposes the complaint, but the Trustee does not. For the reasons hereinafter given, we shall grant to the plaintiff relief from the automatic stay.[1]

The plaintiff alleges, *inter alia,* that it is entitled to relief from the stay under § 362(d)(2) of the Bankruptcy Code because the debtor has no equity in the subject real property and because the real property is not necessary to an effective reorganization of the debtor.

As of the date of the hearing, the debtor owed $19,188.75 to the plaintiff on its two mortgages and was seriously delinquent in their payment. There are no other liens on the subject real property.

The plaintiff's witness regarding the fair market value of the real property was a licensed real estate broker who has had many years of experience conducting formal real estate appraisals for, among others, many governmental units and businesses. In conjunction with his thorough and well-reasoned written appraisal report, which was admitted into evidence, he convincingly testified that, as of the date of the hearing, it was his opinion that the subject real property had a fair market value of $19,000.00, and was continually deteriorating in value.

The debtor presented no expert testimony as to the fair market value of the property nor any relevant evidence as to its value. Therefore, we find that the fair market value of the real property is $19,000.00 and that it is continually deteriorating in value. Thus, we conclude that the debtor has no equity in the property.

For the following reasons, we also find that the real property "is not necessary to an effective reorganization" of the debtor. 11 U.S.C. § 362(d)(2)(B). The property is commercial property upon which the debtor had previously operated an ice locker business. The debtor closed the business about four years ago due to equipment failure and the business has remained closed since that time. The debtor testified that he would need between $12,000.00 and $14,000.00 in order to re-start his business. The debtor has no plans or ability in the foreseeable future to obtain these funds nor to generate any income whatsoever from the business or the real property.[2] Furthermore, the debtor's proposed Chapter 13 Plan, as amended, does not rely upon the generation of any income whatsoever from the business or real property. Therefore, it is clear that the property is not necessary to an effective reorganization of the debtor.

For the foregoing reasons, we shall grant to the plaintiff relief from the automatic stay pursuant to § 362(d)(2) of the Bankruptcy Code.[3]

---

1. This Memorandum Opinion constitutes the findings of fact and conclusions of law required by Rule 7052 of the Bankruptcy Rules.

2. We also note that the debtor has not had any insurance coverage on the property for some time.

3. Because of this holding, it is unnecessary for us to consider whether or not the plaintiff is also entitled to relief from the automatic stay under § 362(d)(1) of the Bankruptcy Code.